| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **R. Grace Rodriguez, Esq.**<br>**21000 Devonshire Street, Suite 111**<br>**Chatsworth, CA 91311**<br>**(818) 734-7223**<br>** Fax:**<br>**196657 CA**<br>**ECF2@LORGR.COM**<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re:<br><br>    **Arkady Alexsandrovich Buzin**<br>    **Svetlana Buzina**<br><br>Debtor(s). | CASE NO: **1:17-bk-13284-MB**<br><br>CHAPTER: **13**<br><br>ADVERSARY NO.:   1:18-ap-01021-MB |
|---|---|
| ARKADY ALEXANDROVICH BUZIN<br>SVETLANA BUZINA<br><br>Plaintiff(s)<br><br>Versus<br><br>**CHARLES STREET INVESTMENTS, INC. a Wyoming Corporation; CHARLES STREET INVESTMENT, LLC, an unknown entity; INAAM RASHEED NAEEM, an individual; SHAHID NAEEM, an individual; CARDENAS THREE, LLC, a California Limited Liability Company; FRANKLIN ADVANTAGE, INC., a California Corporation and DOES 1 Through 50, Inclusive,**<br><br>Defendant(s) | **SUMMONS ON FIRST AMENDED COMPLAINT**<br><br>**AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _<br>**Time:**        _<br>**Courtroom:**  _ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding:

By: _____
          Deputy Clerk

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*                                  Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21000 Devonshire Street, Suite 111**
**Chatsworth, CA 91311**

A true and correct copy of the foregoing document entitled (*specify*): __**SUMMONS AND NOTICE OF STATUS CONFERENCE IN**__ __**ADVERSARY PROCEEDING [LBR 7004-1]**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 28, 2018 | R. Grace Rodriguez, Esq. | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

R. Grace Rodriguez, Esq. (SBN: 196657)
The Law Offices of R. Grace Rodriguez
21000 Devonshire Street, Suite 111
Chatsworth, California  91311
Tel:      (818) 734-7223
EM:      ecf@LORGR.com

Attorneys for Debtors
**Arkady Alexsandrovich Buzin**
**Svetlana Buzina**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION

| | |
|---|---|
| In re | Adv. Case No. |
| | |
| **ARKADY ALEXSANDROVICH BUZIN, SVETLANA BUZINA** | *Before the **Hon. Martin Barash*** |
| | Chapter 13 Case No. 1:17-bk-13284-MB |
| Debtor(s). | **FIRST AMENDED COMPLAINT** |
| | 1. **TO DETERMINE THE EXTENT AND VALIDITY OF LIENS ON REAL PROPERTY:** |
| **ARKADY ALEXSANDROVICH BUZIN, SVETLANA BUZINA** | 2. **QUIET TITLE;** |
| | 3. **CANCELLATION OF INSTRUMENTS;** |
| Plaintiff, | 4. **RESCISSION UNDER HOME EQUITY SALES CONTRACT ACT** |
| | 5. **FRAUD;** |
| v. | 6. **BREACH OF FIDUCIARY DUTY;** |
| | 7. **BREACH OF CONTRACT;** |
| **CHARLES STREET INVESTMENTS, INC.** a Wyoming Corporation; **CHARLES STREET INVESTMENT, LLC, an unknown entity;  INAAM RASHEED NAEEM, an individual;  ESTATE OF SHAHID NAEEM, Decedent; CARDENAS THREE, LLC, a California Limited Liability Company; and DOES 1 Through 50, Inclusive,** | 8. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | 9. **VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW;** |
| | 10. **DECLARATORY RELIEF** |
| | 11. **NEGLIGENCE – TORT OF ANOTHER** |
| Defendants. | *[re Property Located at:* |
| | *19237 Charles Street* *Tarzana, California 91356]* |

Debtor and Plaintiff **ARKADY ALEXSANDROVICH BUZIN and SVETLANA BUZINA**

("Buzin(a)" or "Plaintiff") hereby submits his Complaint and alleges as follows:

~1~

COMPLAINT – QUIET TITLE; CANCELLATION OF INSTRUMENTS; SLANDER OF TITLE; DECLARATORY RELIEF

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California.  This adversary proceeding relates to BUZIN(A)'s Chapter 13 case with the Case No. 1:17-bk-13284-MB, now pending in the United States Bankruptcy Court for the Central District of California. The matter is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(k) to the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of a final judgment and order by this Bankruptcy Court.

2.      Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409 as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this Court and does not involve a consumer debt less than $10,000.

## PARTIES & GENERAL ALLEGATIONS

3.      At all times herein mentioned, Plaintiffs SVETLANA BUZINA and ARK.ADY BU ZIN were and are husband and wife and were residents of the County of Los Angeles, State of California. Plaintiffs were born in Russia and immigrated to the United States in or about 2010. Plaintiffs are fluent in the Russian language and read English with great difficulty.

4.      At all times herein mentioned, since 2012, Plaintiffs owned and are residing at that certain real property which street address and is commonly referred to as 19237 Charles Street, located in the City of Tarzana, County of Los Angeles, State of California (the "Subject Property") and is legally described as Lot 75 Of Tract No. 2605 in The City Of Los Angeles, County Of Los Angeles, State Of California. (See Exhibit "A", a true and correct copy of Grant Deed dated October 12, 2012, recorded November 14, 2012 as Instrument No. 20121725142 in the Official Records of Los Angeles County attached hereto and incorporated herein by reference.

5.      Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendant CHARLES STREET INVESTMENTS INC. was a Wyoming Corporation, with its principle place of business in the State of California.  At all times mentioned herein, CHARLES STREET INVESTMENTS INC. was and is an Equity Purchaser as that term is defined in Civil Code §1695.1.

~2~

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

**6.** Plaintiffs are informed and believe and upon such information and belief allege, that at all times herein mentioned Defendant CHARLES STREET INVESTMENT, LLC, was and is a business, form unknown, qualified to do business in the State of California. At all times mentioned herein, CHARLES STREET INVESTMENT, LLC, was and is an Equity Purchaser as that term is defined in Civil Code §1695.1.

**7.** At all times herein mentioned Defendant INAAM RASHEED NAEEM was a resident of the County of Los Angeles, State of California.

**8.** Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendant SHAHID NAEEM was a resident of the County of Los Angeles, State of California and was a real estate broker duly licensed as such by the State of California, Department of Real Estate.

**9.** At all times herein mentioned, Defendant SHAHID NAEEM was a fiduciary of Plaintiffs and owed a fiduciary duty to Plaintiffs.

**10.** Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendant CARDENAS THREE, LLC, is a California Limited Liability Company, with its principle place of business in the County of San Bernardino, State of California.

**11.** Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Doe 1 through 50, inclusive, and, therefore, sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and upon information and belief allege that each of such fictitiously named Defendant is sued as principal, agent, servant and employee and was, at all times herein mentioned, acting within the scope of its agency and employment, in concert with and with the consent of all of the other Defendants.

12. Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned Defendants, and each of them, were the principals, agents, servants, employees and co-conspirators of the remaining Defendants, and were at all times acting within the purpose and scope of such agency and employment.

13. Defendant, FRANKLIN ADVANTAGE, INC., is a California Corporation duly authorized to do

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

business in the State of California (hereinafter "Franklin"). CARDENAS THREE hired Franklin to provide loan origination and underwriting services for the loan which it gave to CHARLES STREET INVESTMENTS, INC.

## ALTER EGO ALLEGATIONS

14.    Plaintiffs are informed and believe and thereon allege that some of the corporations, limited liability companies, and entities named as Defendants herein, including but not limited to CHARLES STREET INVESMTNS LLC., and CHARLES STREET INVESTMENTS, INC., a Wyoming corporation, and DOES 1 through 100, (hereinafter occasionally collectively referred to as the "ALTER EGO CORPORATIONS"), and each of them, were at all times relevant the alter ego corporations of individual Defendants SHAHID NAEEM and INAAM RASHEED NAEEM by reason of the following:

a.    Plaintiffs are informed and believe and thereon allege that said individual defendants, at all times herein mentioned, dominated, influenced and controlled each of the ALTER EGO CORPORATIONS and the officers thereof as well as the business, property, and affairs of each of said corporations.

b.    Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, there existed and now exists a unity of interest and ownership between said individual defendants and each of the ALTER EGO CORPORATIONS; the individuality and separateness of said individual defendants and each of the ALTER EGO CORPORATIONS have ceased.

c.    Plaintiffs are informed and believe and thereon allege that, at all times since the incorporation of each, each ALTER EGO CORPORATION has been and now is a mere shell and naked framework which said individual defendants used as a conduit for the conduct of their personal business, property and affairs.

d.    Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the ALTER EGO CORPORATIONS was created and continued pursuant to a fraudulent plan, scheme and device conceived and operated by said individual Defendants SHAHID NAEEM and INAAM RASHEED NAEEM, whereby the income, revenue and profits of each of the ALTER EGO CORPORATIONS were diverted by said individual Defendants to themselves.

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

e. Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, each of the ALTER EGO CORPORATIONS was organized by said individual defendants as a device to avoid individual liability and for the purpose of substituting financially irresponsible corporations in the place and stead of said individual defendants, and each of them, and accordingly, each ALTER EGO CORPORATION was formed with capitalization totally inadequate for the business in which said corporation was engaged.

f. Plaintiffs are informed and believe and thereon allege that each ALTER EGO CORPORATION is insolvent. By virtue of the foregoing, adherence to the fiction of the separate corporate existence of each of the ALTER EGO CORPORATIONS would, under the circumstances, sanction a fraud and promote injustice in that Plaintiffs would be unable to realize upon any judgment in their favor.

15. Plaintiffs are informed and believe and thereon allege that, at all times relevant hereto, the individual defendants SHAHID NAEEM and INAAM RASHEED NAEEM and the ALTER EGO CORPORATIONS acted for each other in connection with the conduct hereinafter alleged and that each of them performed the acts complained of herein or breached the duties herein complained of as agents of each other and each is therefore fully liable for the acts of the other.

### FACTUAL ALLEGATIONS

16. On or about January 11, 2017, a Notice of Default and Election to Sell Under Deed of Trust was recorded in Los Angeles County, California against the Subject Property by Scorpion Investments, LLC under a Deed of Trust dated October 15, 2015 in the amount of $350,000.

17. As a result of said Notice of Default, Plaintiffs listed the Subject Property for sale with a licensed real estate agent.

18. In January or February 2017, Plaintiffs were contacted by SHAHID NAEEM. He had learned that Plaintiffs were in default on a loan against the subject residential property and discussed with them the possibility of losing their home. He informed them that he was a broker/real estate agent, and could immediately arrange for a buyer to buy the Subject Property at a higher price than the price that was being offered through their existing agent. He also informed them that he was a prior owner of the Subject Property, and knew that the property was larger in size than reflected in county records which

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

would allow it to be marketed for a substantially higher price than the currently listing price.

19.    Based upon the foregoing representations and with the assistance of HAHID NAEEM Plaintiffs terminated their listing agreement with their then listing agent.

20.    On or about March 23, 2017 Plaintiffs signed a Seller's Listing Agreement with SHAHID NAEEM. Pursuant to said Agreement, SHAHID NAEEM had the exclusive right to market, solicit and negotiate for the disposition of the Subject Property through sale exchange or option for the listing period beginning March 26, 2017 and terminating on September 25 20 1 7. Plaintiffs agreed to list the property for $1,800,000 and Plaintiffs agreed to pay SHAHID NAEEM a commission of 6% of the purchase price. A copy of said Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

21.    On or about March 23, 2017, SHAHID NAEEM presented an offer in which a buyer would purchase the Subject Property for $1,800,000 giving Plaintiffs the option to continue to live in the property, and to invest their equity from the proceeds from the current sale of the property, for improvements and updates.

22.    On or about April 17, 2017, a Notice of Trustee's Sale was recorded on the Subject Property in the County of Los Angeles. Pursuant to the Notice of Trustee's Sale, the Subject Property was to be sold at a public auction on May 8, 2017. A copy of said Notice of Trustee's Sale is attached hereto as Exhibit "C" and incorporated herein by reference.

23.    On or about April 9, 2017, Plaintiffs accepted a written offer and signed a home Purchase Agreement as prepared by SHAHID NAEEM.  The buyer was identified as CHARLES STREET LLC, AND/OR ASSIGNS, who was the equity purchaser under that contract, for a purchase price of $1,800,000.

24.    Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed the Purchase Agreement for CHARLES STREET LLC, AND/OR ASSIGNS. This was the first time that Plaintiffs learned that the buyer was related to the broker, SHAHID NAEEM. A copy of the Purchase Agreement is attached hereto as Exhibit "D" and incorporated by reference.

25.    SHAHID NAEEM acted as a dual agent, representing both Plaintiffs and the buyer. Confirmation of the agency relationship is set forth in paragraph 16 of the Purchase Agreement.  As Plaintiffs' agent,

~6~

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

SHAHID NAEEM owed Plaintiffs a fiduciary duty of utmost care, integrity, honesty and loyalty to Plaintiffs.

26.   On or about April 13, 2017, SHAHID NAEEM prepared an Equity Sharing Addendum signed by Plaintiffs on April 13, 201 7 and Defendant Shahid Naeem on April 14, 2017. A copy of the Equity Sharing Addendum is attached hereto as Exhibit "E" and incorporated herein by reference.

27.   The Equity Sharing Addendum stated the following:

> "2.4 Arkady Buzin and Svetlana Buzina Husband and Wife, to invest up to Four Hundred Thousand Dollars (up to $400,000.00) in the buying entity hereinafter referred to as 'The LLC".
>
> The LLC in its sole discretion, is to spend up to Two Hundred Thousand Dollar ($200,000.00) in order to improve and update and enhance the property and list it with Shahid Naeem for immediate sale. Any and all sale proceeds to be shared as follows:
>
> > 1) Any and all expenses including but not limited to repairs, updating loans and encumberences, holding costs shall be paid out.
> >
> > 2) Original investment of the Seller to be paid next.
> >
> > 3) Any and all profits or losses shall be shared at 20% to the Seller and 80% to the LLC.
> >
> > 4) If the Buzin s investment is more or less than the above stated amount the net proceeds after the sale shall be prorated accordingly."

28.   On or about May 4, 2017, Plaintiffs were presented with Amended Escrow Instructions, which provided that the Buyer, now identified as CHARLES STREET INVESTMENTS INC., a Wyoming Corporation, would obtain a new loan in the amount of$1,560,000 secured by a first deed of trust in favor of CARDENAS THREE, LLC.  Said Amended Escrow Instructions further provided that CHARLES STREET INVESTMENTS INC. would also obtain a second deed of trust in the amount of $100,000 in favor of Plaintiffs, payable 60 days after the close of escrow if they moved out of the property, and a third deed of trust in the amount of $300,000 in favor of Plaintiffs payable 36 months after the close of escrow. A copy of said Amended Escrow Instructions are attached hereto as Exhibit "F" and incorporated herein by reference.

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

29.     The Amended Escrow Instructions stated in part:

> ' The parties hereto acknowledge that Shahid Naeem,
> broker/real estate agent is related to Inaam Rashid Naeem of
> Charles treet Investments Inc., a Wyoming corporation, and
> is also receiving commission as an agent/broker."

Prior to said Amended Escrow Instructions, Plaintiffs had no knowledge of the relationship between SHAHID NAEEM and INAAM RASHEED NAEEM of CHARLES STREET INVESTMENTS INC. or CHARLES STREET INVESTMENTS, LLC.

30.     With the pending Trustee Sale date of May 8, 2017, and believing that they had no other choice, Plaintiffs signed the Amended Escrow Instructions and related documents so that the sale could close prior to the date set for the Trustee Sale.  Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed the Amended Escrow Instructions for CHARLES STREET INVESTMENTS INC.

31.     On or about May 4, 2017, Plaintiffs also executed a Grant Deed in favor of CHARLES STREET INVESTMENTS INC. Said Grant Deed was recorded May 5, 2017, as Instrument No. 20170504869. A full, true and correct copy of said Grant Deed is attached hereto, marked Exhibit "G" and incorporated herein by reference.

32.     Plaintiffs are informed and believe and thereon allege that some time thereafter, CHARLES STREET INVESTMENTS INC. granted a first deed of trust in favor of Defendant CARDENAS THREE, LLC, which is the current beneficiary thereof in the amount of $1,560,000.

33.     On May 8, 2017, escrow closed for the purchase price of $1,800,000. After the payment of outstanding loans, a commission of $108,000 to SHAHID NAEEM, and other escrow costs, Defendants received ownership of Plaintiffs' equity in the property in the amount of $400,000. A true and correct copy of the Escrow Closing Statement is attached hereto as Exhibit "H" and incorporated herein by reference.

34.     After the close of escrow, CHARLES STREET INVESTMENTS INC did not make any improvements or updates to the property in order to resell it. Defendant CHARLES STREET INVESTMENTS INC. has not paid any sums of money to Plaintiffs in accordance with the terms of the Second Deed of Trust. As a result, Plaintiffs have been unable to vacate the property.

35.     In July 2017, CHARLES STREET INVESTMENTS INC., through SHAHID NAEEM caused to be mailed a Notice of Breach of Agreement, as well as a document titled Notice to Perform Covenant

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

(Cure) or Quit seeking the payment of $62,500. SHAHID NAEEM has also attempted to gain entry into the property for purposes of showing it to allegedly prospective purchasers. A copy of said Notice is attached hereto as Exhibit "I" and incorporated herein by reference.

36.    On August 3, 2017, Plaintiffs notified Defendants of their belief that the Purchase Agreement and Addendum did not meet the requirements set forth in Civil Code, §1695, et. seq., offered to return the consideration received and sought a resolution of their claims. A copy of said notification is attached hereto as Exhibit "J" and incorporated herein by reference.

37.    Having no response, Plaintiffs caused to be recorded a Notice of Rescission in the Los Angeles County Recorder's Office on August 19, 2017. A copy of said Notice of Rescission is attached hereto as Exhibit "K" and incorporated herein by reference.

**FIRST CLAIM FOR RELIEF**

**DETERMINATION AND PRIORITY OF LIENS**

(By Plaintiffs SVETLANA BUZINA and ARKADY BUZIN,

Against All Defendants, and Does 1-50)

38.    Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows.

39.    Plaintiff seeks a determination of the extent and validity of a lien on Real Property pursuant to B.R. 7001(2), which provides for an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property."

40.    CARDENAS THREE has a recorded lien against the Property in the amount of $1,560,000.00 for a loan which it purportedly gave to CHARLES STREET INVESTMENTS, INC. However, the Purchase Agreement provides for the sale of the property to Charles Street LLC or Assigns. Plaintiff is informed and believes that there was no assignment of the Purchase Agreement.

41.

42.    Plaintiffs are informed and believe that CARDENAS THREE did not give that amount of money for a loan to CHARLES STREET INVESTMENTS, INC. Plaintiff has obtained copies of the money paid into escrow for the purchase of the Property. The amount of money escrow received does not add up to the full amount of the lien recorded by CARDENAS THREE against the Property. The Escrow

~9~

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

file obtained by the Plaintiffs shows that CARDENAS THREE received a refund of $74,376.67.

43. The Purchase Agreement included an Equity Sharing Addendum (the "ESA"). The ESA is subject to California Civil Code, §1695, et seq. As set for more fully, the ESA was defective in that it failed to contain the required notice of right to cancel the Agreement. The Plaintiffs' right to cancel is tolled pending notice of their right to Cancel.

44. Plaintiff has never received any notice of a right to cancel the Purchase Agreement. Therefore, Plaintiff timely filed a Notice of Rescission of Grant Deed Recorded Pursuant to Home Equity Sales Contract under California Civil Code, §1695.14 on August 18, 2017.

45. At best, this gives Cardenas Three an equitable claim to an interest in the Property equal to the benefit to which the Plaintiffs received. In this case, the Plaintiffs' First Mortgage held by Select Portfolio Servicing was paid $827,715.83; TD Foreclosure Services was purportedly paid $406,014.64 for the Plaintiffs Second lien against the property. Additionally, $17,083.65 was paid for property taxes all for the Benefit of Plaintiff. This amount in totals only $1,250,814.12. That is the actual value of the equitable claim.

46. Plaintiffs further allege based upon the fraud as alleged by way of this First Amended Complaint, the contract to which the Plaintiff's lost title to the Property are subject to recession. This provides a further basis for the determination of the extent and validity of the lien claim in California State Law is the Quiet Title Statute.

47. Plaintiff denies that CHARLES STREET INVESTMENT INC, nor CHARLES STREET LLC is the valid legal owner Property, nor do they have a right to put any lien against the property. Furthermore, Plaintiff denies that Cardenas III holds a valid lien in the amount claimed by them against the Property.

48. Plaintiffs therefore seek from the court a determination of the validity and priority of the liens being asserted by CARDENAS THREE and of CHARLES STREET INVESTMENT INC or CHARLES STREET INVESTMENT LLC

**SECOND CLAIM FOR RELIEF**

**FOR QUIET TITLE**

(By Plaintiffs SVETLANA BUZINA and ARKADY BUZIN,

~10~

Against CHARLES STREET INVESTMENTS, INC., CHARLES STREET INVESTMENTS, LLC, INAAM RASHED NAEEM, SHAHID NAEEM, and Does 1-50)

49. Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows.

50. As of December 2016, Plaintiffs were homeowners whose residence was in foreclosure.

51. On or about April 9, 201 7, Plaintiffs signed a home Purchase Agreement as prepared by their real estate broker, SHAHID NAEEM, with CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS, who was the equity purchaser under that contract, for a purchase price of $1,800,000. Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed the Purchase Agreement for CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS.

52. On or about April 14, 2017, Plaintiffs also signed an Equity Sharing Addendum to said Purchase Agreement as prepared by SHAHID NAEEM. Plaintiffs are informed and believe that INAAM RASHEED NAEEM signed said Equity Sharing Addendum for CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS.

53. None of the contracts prepared by SHAHID NAEEM with CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS, and/or INAAM RASHEED NAEEM, who are the Equity Purchasers, meets the requirements set forth in Civil Code § 1695, et seq., governing Home Equity Sales Contracts. The terms of the Purchase Agreement and Equity Sharing Addendum did not include various disclosure required for a home equity sales agreement, including but not limited to, a provision advising of the right of cancellation in accordance with Civil Code § 1695.4. Further, the Purchase Agreement and Equity Sharing Addendum were not accompanied by a completed form captioned "Notice of Cancellation" in accordance with Civil Code §1695.4.

54. Plaintiffs are informed and believe that the buyer, CHARLES STREET INVESTMENT, LLC, AND/OR ASSIGNS, which was an entity, did not intend to use the Subject Property as a personal residence. As part of the escrow, Plaintiffs are informed and believe that CHARLES STREET INVESTMENT, LLC, an unknown entity, and/or CHARLES STREET INVESTMENTS INC. and/or INAAM RASHEED NAEEM obtained a loan in the amount of$1,560,000 secured by a First Deed of Trust on the Subject Property in favor CARDENAS THREE, LLC, as beneficiary.

~11~

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

55.   Because Defendants contracts do not comply with the terms set forth in Civil Code §1695, et seq., governing Home Equity Sales Contracts, Plaintiffs are entitled to rescind the sale and are entitled to recover damages and attorneys' fees. CARDENAS THREE, LLC, is not and was not a bona fide encumbrancer for value, had notice of the violations of Civil Code §1695, et seq., and is charged with the unclean hands of the grantor, CHARLES STREET INVESTMENTS INC. and/or INAAM RASHEED NAEEM and therefore, Plaintiffs are entitled to a declaration that its deed of trust is invalid and void.

56.   Plaintiffs are seeking to quiet title against the claims of the Defendants as follows: Defendants are seeking to hold themselves out as fee simple owners and/or lien holder of the Subject Property, when in fact Plaintiffs have an interest in the property held by Defendants, Defendants have no right, title, interest, or estate in the Subject Property, and Plaintiffs' interest is adverse to Defendants' claims of ownership.

57.   Plaintiffs are also seeking to quiet title as of May 4, 2017, the date in which they executed a Grant Deed in favor of CHARLES STREET INVESTMENTS INC. and/or the date that escrow closed resulting in the Defendants receiving ownership of Plaintiffs' property.

58.   Plaintiffs therefore seek a judicial declaration that title to the Subject Property is vested in Plaintiffs alone and that CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, SHAHID NAEEM and CARDENAS THREE, LLC, herein, and each of them, be declared to have no estate, right, title, or interest in the Subject Property and said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the Subject Property, adverse to Plaintiffs herein.

## THIRD CLAIM FOR RELIEF

## FOR RESCISSION BASED ON VIOLATION OF HOME EQUITY SALES

## CONTRACT ACT California Civil Code 1695 et seq.

**(Against CHARLES STREET INVESTMENTS, INC., CHARLES STREET INVESTMENTS, LLC, INAAM RASHED NAEEM, SHAHID NAEEM, and Does 1-50)**

59.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

~12~

60.    The Home Equity Sales Contract Act ("HE SCA") was enacted to protect homeowners who were faced with foreclosure proceedings and may find themselves at the mercy of unscrupulous individuals who "induce homeowners to sell their homes for a small fraction of their fair market values through the use of schemes which often involve oral and written misrepresentations, deceit, intimidation, and other unreasonable commercial practices." (Civil Code § 1695(a))

61.    HESCA is designed to protect homeowners in default against unfair purchases of their home equity. The Act regulates transactions between an equity purchaser and an equity seller. HESCA contains specific, detailed regulations concerning the content and form of contracts for the sale of a home in foreclosure. The contract must include the total consideration given, terms of payment and terms of any rental agreement; a conspicuous statement of the right to rescind the contract within five business days or until 8 a.m. on the day scheduled for foreclosure, with an attached notice of cancellation; and a conspicuous notice that until the right to cancel has ended, the equity purchaser cannot ask the seller to sign a deed or any other document. (Civil Code §§1695.3-1695.5.) The equity purchaser must provide, and complete, the contract in conformity with these terms. (Civil Code§ 1695.6(a))

62.    As of December 2016, Plaintiffs were homeowners whose residence was in foreclosure. Plaintiffs are informed and believe that from December 2016, and thereafter, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM knew that the Subject Property was in foreclosure.

63.    Plaintiffs are informed and believe that from December 2016, and thereafter, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM did not disclose to Plaintiffs that they had a statutory duty to provide to Plaintiffs certain disclosures including a right of cancellation per Civil Code §§ 1695.3-1695.5.

64.    Plaintiffs are informed and believe that in the absence of any right to cancel, they relied upon Defendants' knowledge, expertise, and good faith to protect Plaintiffs' interests through the sale of the property. Plaintiffs further are informed and believe that Defendants did not at any time inform them that they had a right of cancellation when entering into the Purchase Agreement and/or Equity Sharing Addendum, as well as during or after to the close of escrow.

~13~

65.    Plaintiffs are informed and believe that CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM in derogation and intentional disregard of their statutory duty to provide Plaintiffs with proper disclosures, including a notice of cancellation, proceeded by executing all documents necessary to sell, took unconscionable advantage of the Plaintiffs and closed the sale on or about May 5, 2017.

66.    Plaintiffs are informed and believe that the buyer, INAAM RASHEED NAEEM and/or CHARLES STREET INVESTMENTS INC. did not intend to use the property as a personal residence.

67.    With the pending Trustee Sale date of May 8, 2017, and believing that they had no other choice, Plaintiffs agreed and signed the Amended Escrow Instructions and related documents so that the sale of the Subject Property to CHARLES STREET INVESTMENTS INC. and INAAM RASHEED NAEEM was completed and escrow closed on May 4, 2017.

68.    Plaintiffs allege that in the absence of such disclosures, Plaintiffs justifiably relied upon Defendants to complete the sales transaction.

69.    Plaintiffs are informed and believe and thereon allege that CHARLES STREET INVESTMENTS INC. granted a first deed of trust in favor of Defendant CARDENAS THREE, LLC, which is the current beneficiary thereof in the amount of $1,560,000. Because Defendants contracts do not comply with the terms set forth in Civil Code §1695, et seq., governing Home Equity Sales Contracts, CARDENAS THREE, LLC, is not and was not a bona fide encumbrancer for value, had notice of the violations of Civil Code§ 1695, et seq., had a duty to investigate a suspicious transaction, and is charged with the unclean hands of the grantor, CHARLES STREET INVESTMENTS INC. and/or INAAM RASHEED NAEEM.

70.    On August 3, 2017, Plaintiffs notified CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC, INAAM RASHEED NAEEM, and SHAHID NAEEM that the Purchase Agreement and Addendum do not meet the requirements set forth in Civil Code §1695, et seq., offered to return any consideration received and sought a resolution of their claims.  Having no response, Plaintiffs also caused to be recorded a Notice of Rescission on August 19, 2017.

71.    CHARLES STREET INVESTMEN LLC, CHARLES STREET UNVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM have failed and refused, and continue to fail and

~14~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**

refuse, to agree to rescind the contract in that they refuse to execute a conveyance of the Subject Property as provided under the Civil Code.

72.     Plaintiffs allege that based upon the wrongful acts perpetrated upon them by Defendants, and each of them, the Grant Deed in favor of CHARLES STREET INVESTMENTS INC. and the Deed of Trust in favor of CARDENAS THREE, LLC, must be rescinded.

73.     As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $2,000,000.00, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, SHAHID NAEEM as well as CARDENAS THREE have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $450,000.

74.     CHARLES STREET INVESTMENT, LLC, CHARLES STREET 2 INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM knew or should have known they were violating Civil Code §1695, et seq., since SHAHID NAEEM is and in 2017 was a real estate broker. Defendants also knew that Plaintiffs were in financial distress. During the course of this sales transaction, Defendants, by and through SHAHID NAEEM made multiple fraudulent representations to Plaintiffs in order to get them to agree to the transaction, as well as require that the Plaintiffs sign agreements without all appropriate disclosures as required under the Civil Code § 1695, et seq. In the role as dual agents, the aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property. The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF

### FOR DAMAGES BASED ON VIOLATION OF HOME EQUITY

### SALES CONTRACT ACT California Civil Code 1695 et seq.

~15~

(**Against** CHARLES STREET INVESTMENTS, INC., CHARLES STREET INVESTMENTS, LLC,

INAAM RASHED NAEEM, SHAHID NAEEM, and Does 1-50)

75.   Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows.

76.   As a result of said actions, Plaintiffs have been damaged pursuant to Civil Code§§ 1695.6 and 1695.13 and are entitled to actual damages pursuant to Civil Code§1695.7.

77.   At the time Defendants committed said acts; Defendants were guilty of malice, oppression, and a willful unconscious disregard of the rights of Plaintiffs.  By reason of these acts, Plaintiffs have been oppressed, and seek punitive and exemplary damages pursuant to Civil Code §1695.7.

## FIFTH CLAIM FOR RELIEF

## FOR FRAUD

## (By Plaintiffs Against CHARLES STREET INVESTMENT, LLC,

## CHARLES STREET INVESTMENTS INC., INAAM

## RASHEED NAEEM, and SHAHID NAEEM)

78.   Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows.

79.   From December 2016, and thereafter, when it was necessary for Plaintiffs to sell their residence that was in foreclosure, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM took unconscionable advantage of the Plaintiffs, within the meaning of and in violation of Civil Code §1695, et seq., by and through multiple fraudulent representations concerning knowledge about the property, which would allow it to be marketed for a higher price than the listing price, failed to disclose to Plaintiffs that the buyer was related to the broker until presenting the Purchase Agreement for signature as well as required that the Plaintiffs sign agreements without all appropriate disclosures required under the Civil Code §1695, et seq.

80.   Plaintiffs allege that CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM also failed to inform Plaintiffs they had a right of cancellation to satisfy due process requirements of notice, especially in

~16~

light of the possibility and the imminent danger of losing their home on May 8, 2017. Plaintiffs further allege that these Defendants intentionally failed to disclose the foregoing facts as of April 2017, and thereafter, continued to keep this material information from Plaintiffs. Had Plaintiffs known that Defendants were intentionally not disclosing these material facts, Plaintiffs would not have proceeded with the sale of the Subject Property. In justifiable reliance, however, upon Defendants' expertise, knowledge and experience in real estate, lending and finance industries, Plaintiffs entered into the sales transaction regarding the Subject Property on or about April 9, 2017.

81.   Plaintiffs further allege that in their reliance upon Defendants initial representations was reasonable in that Plaintiffs did not have the knowledge, expertise, or experience necessary to understand the intricacies of foreclosure, a sales transaction and relied upon Defendants to truthfully and in good faith purchase the Subject Property.

82.   As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $2,000,000, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INMM RASHEED NAEEM and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $450,000.

83.   INMM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM knew or should have known that their fraud would cause Plaintiffs severe emotional distress.

84.   As a further proximate result of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM's fraud, Plaintiffs have suffered severe emotional distress, including, but not limited to nervousness, anxiety, worry and depression in an amount to be determined at the time of trial.

85.   During the course of this sales transaction, Defendants by and through the broker/real estate agent, SHAHID NAEEM, made multiple fraudulent representations to Plaintiffs in order to persuade them to agree to the transaction, as well as prepared and required that the Plaintiffs sign agreements without all appropriate disclosures as required under the Civil Code § 1695, et seq. The aforementioned conduct of

~17~

said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property.  The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages.

**SIXTH CLAIM FOR RELIEF**

**FOR BREACH OF FIDUCIARY DUTY**

**(By Plaintiffs Against CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM, and SHAHID NAEEM)**

86.    Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows:

87.    Plaintiffs allege that Defendants, and each of them as the equity purchaser, broker and real estate agent, had and have a fiduciary duty imposed by law to Plaintiffs to advise them and place them on notice of all disclosures that are required by law, especially in a real estate loan transaction where the residence is in foreclosure, and to provide Plaintiffs with facts from which Plaintiffs could make a determination as to their need to sell the Subject Property, or to explore other options.

88.    By virtue of the fiduciary relationship between Plaintiffs and SHAHID NAEEM, SHAHID NAEEM owed Plaintiffs a duty of acting in the highest good faith toward Plaintiffs. As Plaintiffs' agent, SHAHID NAEEM owed to Plaintiffs a fiduciary duty to investigate, verify and make the fullest disclosure of all material facts that might affect Plaintiffs' decision to sell the Subject Property.

89.    On or about December 28, 2016, and thereafter, Defendants and each of them breached their fiduciary duty as equity purchaser and agent by failing to provide Plaintiffs with the disclosures notices required pursuant to §§1695.3-1695.5 of the Civil Code.

90.    INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM further breached said fiduciary duty to be honest and truthful when INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM failed to disclose to Plaintiffs the significance of the existence of a notice of right to cancel.

~18~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**

91.    At all times mentioned in this Complaint, Plaintiffs were unaware of the existence of the right to cancel.

92.    As a result of the breaches of fiduciary duty, Plaintiffs completed the sale of the property, and commenced preparation to vacate the premises.

93.    As a direct and proximate result of Defendants' breach of duty of care towards Plaintiffs, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $2,000,000, and potential possession thereof, the conduct of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $450,000.

94.    INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM knew or should have known that their breaches of fiduciary duty would cause Plaintiffs severe emotional distress.

95.    As a further proximate result of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM's breach of fiduciary duty, Plaintiffs have suffered severe emotional distress, including, but not limited to nervousness, anxiety, worry and depression in an amount to be determined at the time of trial. Defendants knew or should have known they were violating Civil Code §1695, et seq., in as much as SHAHID NAEEM is, and in 2017 was, a real estate broker.  Defendants also knew that Plaintiffs were in financial distress. During the course of this sales transaction, Defendants, by and through SHAHID NAEEM, made multiple fraudulent representations to Plaintiffs in order to persuade them to agree to the transaction, as well as prepared and required that the Plaintiffs sign agreements without all appropriate disclosures as required under the Civil Code §1695, et seq. In the role as dual agents, the aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property. The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to

~19~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**

Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages.

///

///

## SEVENTH CLAIM FOR RELIEF

## FOR BREACH OF WRITTEN CONTRACT

## (By Plaintiffs Against CHARLES STREET INVESTMENT, LLC,

## CHARLES STREET INVESTMENTS INC., INAAM

## RASHEED NAEEM, AND SHAHID NAEEM)

96.    Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows:

97.    Plaintiffs allege that on or about April 9 and April 14, Plaintiffs were fraudulently induced to enter into a Purchase Agreement and Addendum, which were and are written contracts, for the sale of the Subject Property, which was in foreclosure.  The contract is in writing, and a copy is attached to the Complaint."

98.    This contract is subject to recession.  However, if the court determines that the Contract cannot be rescinded, Plaintiff's further alleges that INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., breached the terms of the agreement as follows:

    a.  It was agreed that Escrow was to pay $100,000 directly to Larisa Oreschenko to pay back a debt owed to her by the Plaintiffs.  However, escrow never received the instruction due to the fraud committed by INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM.  Plaintiffs were told by the Escrow Representative Sally Lucero informed the Plaintiff that they were to pay the money, but after escrow closed and no payment was sent.  There was never an agreement that he would arrange for a lien to be recorded against the property.

    b.  There was no agreement made to allow INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and

~20~

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

SHAHID NAEEM to put a hard money loan against the property. He represented that the expenses of stopping the foreclosure and paying for escrow to close and transfer the property to CHARLES STREET would be paid by the investor.

c. The Contract did not provide that INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM was to receive any funds prior to the sale of the property. In escrow, he included an instruction whereby he took nearly $300,000 to be paid by CARDENAS III, the hard money lender. This was not authorized in the sale agreement.

d. Additionally, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM pocketed $160,000 without any explanation. This was not authorized in the agreement.

e. Additionally, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM opened a Charles Street Investment, LLC and a Charles Street Investment Inc. for the purpose of confusing and deceiving the Plaintiffs as to who would be the one that would hold a note in favor of the Plaintiffs vs. the entity which actually received funds from the sale proceeds.

f. INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM had promised to begin exterior rehabilitation of the Property before the completing the sale of the Property, and find the Plaintiffs' a new place to live under a Lease-To-Own program he stated he was going to have the Plaintiffs enter into. However, no such program materialized.

99. At all times Plaintiffs performed as agreed until such time as INAAM RASHEED NAEEM breached the purchase and partnership agreements. With respect to those things that they did not perform, they were excused from performing due to the material breaches by the Defendants.

100. Moreover Plaintiffs allege that on or about April 9, 2017, and thereafter, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM did not inform Plaintiffs that they had a statutory duty to provide Plaintiffs with certain disclosures pertaining to the Purchase Agreement and Addendum, which constituted, and

~21~

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

constitute the entire Contract, and failed to provide Plaintiffs with an accompanying Notice of Cancellation. This failure to disclose was and is a breach of both contracts by INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM.

101. Plaintiffs allege that as a consequence of the numerous breaches of contract by INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in the amount of $2,000,000, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of $450,000.

**EIGHT CLAIM FOR RELIEF CAUSE OF ACTION**

**FOR BREACH OF IMPLIED COVENANT OF GOOD**

**FAITH AND FAIR DEALING**

**(By Plaintiffs Against CHARLES STREET INVESTMENT, LLC,**

**CHARLES STREET INVESTMENTS INC., INAAM RASHEED**

**NAEEM, and SHAHID NAEEM)**

102. Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows:

103. Plaintiffs allege that implied in every contract there exists a covenant that parties to an agreement will deal fairly and at arm's length with one another, and will deal in good faith to accomplish the objectives of the agreement.

104. Plaintiffs allege that on or about April 9, 2017 and thereafter, INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM, breached the implied covenant of good faith and fair dealing when they used their superior knowledge in real estate, lending and finance industries to intentionally hide the fact that INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET

~22~

INVESTMENTS INC., and SHAHID NAEEM were obligated to comply with the mandatory language requirements of Civil Code § 1695, et seq.

105.    Plaintiffs allege that in complete disregard of their duty pursuant to Civil Code §1695, et seq., INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM entered into contracts without appropriate statutory disclosures, thus breaching the implied covenant of good faith and fair dealing.

106.    As a direct and proximate result of Defendants' breaching conduct, Plaintiffs have been damaged and injured both at equity and law, in that in addition to losing title to their home and/or equity in excess of $2,000,000, and potential possession thereof, the conduct of CHARLES STREET INVESTMENT, LLC., CHARLES STREET INVESTMENTS INC., INAAM RASHEED NAEEM and SHAHID NAEEM have caused Plaintiffs to incur or suffer costs and expenses that were paid through the escrow, including but not limited to escrow fees, commissions and other expenses in excess of$450,000.

107.    As a further proximate result of INAAM RASHEED NAEEM, CHARLES STREET INVESTMENT, LLC, CHARLES STREET INVESTMENTS INC., and SHAHID NAEEM's conduct, Plaintiffs have suffered severe emotional distress, including, but not limited to nervousness, anxiety, worry and depression in an amount to be determined at the time of trial.

108.    Defendants knew or should have known they were violating Civil Code §1695, et seq., in as much as SHAHID NAEEM is, and in 2017 was, a real estate broker.  Defendants also knew that Plaintiffs were in financial distress. During the course of this sales transaction, Defendants by and through Shahid Naeem made multiple fraudulent representations to Plaintiffs in order to persuade them to agree to the transaction, as well as prepared and required that the Plaintiffs sign agreements without all appropriate disclosures as required under the Civil Code § 1695, et seq. In the role as dual agents, the aforementioned conduct of said Defendants of failing to disclose, investigate and advise the Plaintiffs was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs in order to advance their own pecuniary interest in the sale and purchase of the Subject Property. The aforementioned conduct of said Defendants was fraudulent, willful and malicious and was intended to oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages.

## NINTH CLAIM FOR RELIEF

~23~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**

# FOR VIOLATION OF MORTGAGE FORECLOSURE CONSULTANT LAW

## (By Plaintiffs Against CHARLES STREET INVESTMENT, LLC,

## CHARLES STREET INVESTMENTS INC., INAAM RASHEED

## NAEEM, and SHAHID NAEEM)

109.   Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows:

110.   Defendants acted as a foreclosure consultant within the meaning of California Civil Code Section 2945.l(a) in that they performed a service in the expectation of compensation which was represented to Plaintiffs to have the effect of stopping or postponing a foreclosure sale as well as saving their residence from foreclosure.

111.   Plaintiffs have been subjected to fraud, deception and unfair dealing by the Defendants acting as foreclosure consultants and, as such, are of the type of persons the Foreclosure Consultant Law was designed to protect. In addition, Defendants engaged in the prohibited acts of receiving compensation before the contracted services were completed and inducing Plaintiffs to sign a contract which does not comply with Civil Code Sections 2945.1 and 2945.3 (lack of 3 day right to cancel notice).

112.   As a result of Defendants' misconduct, Plaintiffs have suffered damages.  Pursuant to Civil Code Section 2945 .6, Plaintiffs are entitled to actual damages in an amount to be proven at the time of trial. The acts of Defendants were willful, fraudulent and malicious entitling Plaintiffs to statutory treble damages. Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to statute. (Civil Code Section 2945.6.)

## TENTH CLAIM FOR RELIEF

## FOR DECLARATORY RELIEF

## (By Plaintiffs Against All Defendants)

113.   Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows:

114.   An actual controversy has arisen and now exists between plaintiff and defendant concerning their respective rights and duties in that Plaintiffs contend that they are the true legal and equitable owners of the subject property which should only be subject to a lien by Cardenas Three equal to the amounts paid

~24~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**

by Cardenas Three which was paid for the benefit of the Plaintiffs

115.    Whereas Defendants dispute these contentions and contends that they are the true owners of the property and that they did nothing wrong.

116.    Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to the ownership of the Property.

117.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain the rights and duties it has inasmuch as the Plaintiffs have not been able to sell the property to satisfy the equitable claims and move on with their lives.  The Property is presently at risk for foreclosure by CARDENAS THREE.

**ELEVENTH CLAIM FOR RELIEF**

**FOR NEGLIGENCE**

**(By Plaintiffs Against FRANKLIN ADVANTAGE, INC.)**

118.    Plaintiffs incorporate all of the allegations of fact contained throughout the Complaint as though fully set forth herein and hereby further alleges as follows:

119.    Franklin was hired to provide underwriting services on behalf of CARDENAS THREE.  In this capacity, it owed a duty directly to CARDENAS THREE to investigate further if it became aware or should have been aware of certain facts that suggest a transaction is suspicious.

120.    In this case Plaintiffs are informed and believe that Franklin received a copy of the Purchase Agreement which contained the Equity Sharing Addendum.  As a matter of law, Equity Sharing Agreements are highly regulated.  The fact that the Equity Sharing Addendum did not contain any language required by Civil Code, §1695, et seq. regarding rights of cancellation, it would have been up to the Underwriting to have given that information to CARDENAS THREE to make a determination as to whether to proceed with the transaction.  The glaring omission of the Cancellation Language should have triggered Franklin's duty to investigate further into determining the validity of the transaction.

121.    Plaintiff is informed and believes that no investigation was conducted by Franklin.  Had such an investigation been conducted, Plaintiffs are informed and believes that it would have been contacted and informed of the discrepancy to verify a waiver of the cancellation which had not occurred.  It could have prevented the execution of this contract.

FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF

122.    While the Plaintiffs are not a party to the contract between CARDENAS THREE and Franklin, Plaintiffs are entitled to damages for this breach of contract inasmuch as the Plaintiffs were intended beneficiaries of the contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

123.    A judicial determination that Plaintiffs are the owner in fee simple of the Subject Property and that no Defendant has any interest in the Subject Property adverse to Plaintiffs.

124.    That this Court declares that the Grant Deed and Contracts described herein be rescinded;

125.    That Defendants be ordered to pay damages in an amount to be determined at the time of trial;

126.    For interest on said sum;

127.    For punitive or exemplary damages in an amount to be determined at the time of trial;

128.    For damages for violation of Home Equity Sales Contract Act;

129.    For attorney's fees pursuant to Civil Code § 1695.7;

130.    For costs of suit herein incurred; and

131.    For such other relief as the Court may deem proper.

Dated:   August 28, 2018                          Respectfully submitted

R. Grace Rodriguez, Esq.
Attorney for Debtors/Plaintiff

~26~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**

## VERIFICATION

I, SVETLANA BUZINA am the Plaintiff in the above entitled Adversary Proceeding. I have read the foregoing First Amended Complaint and know the contents thereof. The same is true of my own knowledge except for the matters which are set forth in the Complaint on information and belief, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:      August 28, 2018

_____
SVETLANA BUZINA

~27~

**FIRST AMENDED COMPLAINT – QUIET TITLE; CANCELLATION OF INST; SLANDER OF TITLE; DECLARATORY RELIEF**